

**The Walker Building**
**3421 Main Street**
**Atlanta, GA 30337**

Phone: (770) 847-7363
Fax:  (770) 282-1706

**James L. Walker, Jr., Esq.**                                                                                           Admitted in Conn., D.C. & GA

June 1, 2021

**VIA ECF**
The Honorable Judge Gregory Woods
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: **Sims v. Sony Music Entertainment, et al., 20-cv-05322**

Dear Judge Woods:

Our law firm represents Mr. Andre Sims, along with our co-counsel Stephen Katz. Pryor Cashman represents all defendants in this action. In accordance with Your Honor's Rules, we send this joint letter to address our position that the Court's Scheduling Order should be extended to permit additional factual discovery and Defendants' position that, except as noted below, the no additional factual discovery should be permitted.

**Plaintiff's Position**

After conducting two weeks of depositions, we are sending this letter to request permission from the Court to file a Motion to Extend Discovery.

Attorney James Walker for Plaintiff sent an email on Thursday, May 27, 2021 at 11:43 a.m. requesting a joint consent of an extension of discovery for the express purpose of deposing additional individuals/corporation. Attorney Walker provided opposing counsel with an itemized list of individuals to be deposed within the body of the email.

Attorney Donald S. Zakarin, counsel for all Defendants, responded on Thursday, May 27, 2021 at 12:00 p.m. that he would not consent to the request for an extension of discovery deadline except for a meet and confer for a "narrowly targeted deposition" of one individual namely, Chris Jones. As to the other individuals who were requested for deposition by the above referenced email, Attorney Zakarin, expressly disagrees that the discovery period should be reopened or extended.

There were several individuals referenced in Defendants' Justin Barroso, Gabriella Wilson and Darhyl "DJ" Camper's depositions that were not originally disclosed. Similarly, there was material information that the Defendants did not disclose and stated under oath there were other parties that we should speak with to gain helpful information and financial data for the adjudication of this case.

      Specifically, we seek this permission for the following material reasons:

a) After concluding four (4) extensive depositions with the various parties (Mr.



**The Walker Building**
3421 Main Street
Atlanta, GA 30337

Phone: (770) 847-7363
Fax:     (770) 282-1706

---

**James L. Walker, Jr., Esq.**                                                                                              Admitted in Conn., D.C. & GA

    Camper, Mr. Barroso, Ms. Wilson and our client Mr. Sims, there were parties mentioned under oath that are key witnesses to this case **and most were not disclosed**;

b) For example, Mr. Darhyl "DJ" Camper mentioned Luke Witherspoon was someone who worked with him and a friend who had key information to this case. Mr. Camper, through his counsel, never disclosed this witness or the witness' address.  We feel strongly this witness is a material witness and would like to schedule his deposition immediately at our costs;

c) During Ms. Wilson's testimony, she replied dozens of times with "I don't know" or "I don't recall" and directed Plaintiff to speak with her Business Manager Chris Jones or Management (MBK Management or Jeff Robinson) who handles her financials and would know key financial information in connection with this case and monies she has earned in connection with the copyright at issue; and

d) We have asked opposing counsel to provide us with a Sony Representative who can answer key financial and procedural questions and other helpful information based on the deposition testimony of the Defendant witnesses, who appeared unable to answer basic financial questions.  Specifically, opposing counsel for Defendants provided our office with a financial document, but no one has authenticated it and Ms. Wilson testified under oath that she did not know how accurate it was.  Thus it is imperative that we speak with a representative from Sony, managers for Defendant Wilson and the best friend of Mr. Camper, who was offered under oath as a "key" person with information according to Defendant Camp**er.**

    We send this letter with urgency given that mediation is in one week.  Without information from the newfound witnesses and authentic financial information, we could potentially waste the valuable time of our mediator, The Honorable Judge Moses.  We also realize these witnesses, among others, have helpful information to the outcome of the case.

    We ask that the Court schedule a pre-conference phone call to discuss granting Plaintiff Mr. Sims permission to file a Motion to Extend Discovery.  It will not in any way harm the Defendants or delay the adjudication of this case and as stated above, there are very material issues that could hinder Plaintiff's ability to resolve this matter with accurate information.   Despite Defendant's attempt to provide documents with no source or verification, Plaintiff rejects these findings and seeks more accurate information and the ability to interview said witnesses referenced above.  Thus, the purpose for a very short term discovery extension.

**Defendants' Position**

    This is not the first time Plaintiff has sought an extension of discovery.  Pursuant to the



**The Walker Building**
3421 Main Street
Atlanta, GA 30337

Phone: (770) 847-7363
Fax:    (770) 282-1706

**James L. Walker, Jr., Esq.**    Admitted in Conn., D.C. & GA

original December 18, 2020 Scheduling Order in this case, all fact discovery was to be concluded by April 30, 2021. Plaintiff failed to comply with the Scheduling Order respecting his musicologist's report but instead of moving to preclude the late report, Defendants agreed, on March 2, 2021, to certain extensions of discovery to accommodate the late service of Plaintiff's musicologist's report. As relevant here, the conclusion of all fact discovery was extended from April 30, 2021 to May 31, 2021. Your Honor " So Ordered" these changes to the Scheduling Order on March 2, 2021.

As Your Honor knows, this case was commenced in July 2020. The first named defendant is Sony Music Entertainment. That is relevant to Plaintiff's extremely belated request to extend discovery so he can depose Sony Music Entertainment (discussed below). As Your Honor also knows, even prior to issue being joined, long before the Scheduling Order was entered in this case in December, we produced complete writer and publisher financial disclosure between August and October of 2020. On April 21, 2021, we also produced a detailed P&L from Sony Music Entertainment. We also produced Mr. Barroso's financial information (we only started representing Mr. Barroso in March). However, because we had grossed up the income of Mr. Camper and Ms. Wilson for Mr. Walker last fall, he knew the complete publisher and writer income last fall.

I provide this background because it bears on Plaintiff's abrupt demand, **one** business day before the close of fact discovery (as extended pursuant to Your Honor's endorsement of our letter of March 2, 2021), to extend fact discovery.

Also as a preliminary matter, Plaintiff claims he timely noticed the additional depositions he wants (albeit, not for Mr. Witherspoon, at least not that I have seen). In fact, the notice for Sony Music Entertainment was "served" on me by email on the afternoon of May 27, 2021 (again, one business day before the close of discovery) and one for MBK was emailed to his transactional counsel, Damien Granderson, also on May 27, 2021 (without a subpoena, making the notice doubly infirm). Both notices were attached to emails and unilaterally set the date for depositions for May 31, 2021, one business day later, **after** I had already rejected Mr. Walker's demand that I consent to extend the discovery schedule.

I would note one further infirmity in these notices: the depositions were both noticed for May 31, 2021 (Memorial Day), apparently so that Plaintiff could pretend that the discovery was sought prior to the conclusion of fact discovery.

While the depositions of Barroso, Camper and Wilson were originally scheduled by Plaintiff for mid-April, at Plaintiff's request, they were rescheduled for mid-May. The depositions went forward on May 11, May 12 and May 26. However, they could have gone forward in April as Plaintiff originally sought. Thus, Plaintiff also bears responsibility for scheduling these depositions close in time to the scheduled completion of fact discovery.

I note that Plaintiff effectively admits that the timing of this request is linked to the Court



**The Walker Building**
3421 Main Street
Atlanta, GA 30337

Phone: (770) 847-7363
Fax:     (770) 282-1706

---

James L. Walker, Jr., Esq.                                                                 Admitted in Conn., D.C. & GA

ordered mediation, currently scheduled for June 8. Unmentioned by Mr. Walker is that he previously, and again at the last hour, requested that the mediation be put off from its original date of May 8, again ostensibly because Mr. Walker claimed he needed the financial information he has had for over six months. It is not that Plaintiff lacks complete financial information. It is that the revenues of "Focus," all of which he has long had, after one deducts expenses (including taxes) and allocating between allegedly infringing and non-infringing elements, produces a very small potential recovery, one dwarfed by the expense of this case. Nevertheless, I expect that Plaintiff will again seek to put off the mediation.

I now turn to the specific additional discovery sought by Plaintiff.[1]

### Sony Music Entertainment

As noted above, Sony Music Entertainment has been a defendant in this case since inception. Plaintiff cannot claim he was unaware of Sony Music Entertainment. Yet he never served a deposition notice on it. Sony Music Entertainment provided responses to Plaintiff's first (and now second) document requests. Sony Music Entertainment provided responses to Plaintiff's interrogatories. Sony Music Entertainment has produced documents in response to both Plaintiff's first and second document requests. Plaintiff offers no explanation for why, only one business day before the close of fact discovery, he belatedly decided he needed a deposition of Sony Music Entertainment. It is not as if Plaintiff was unaware that Sony Music Entertainment had a financial interest in "Focus." It was, as I said, an original defendant.

Nevertheless, I am prepared to discuss with Mr. Walker a very targeted deposition of a finance person from Sony Music Entertainment, provided we also have an agreement by which Sony Music Entertainment would provide on a sample basis, if Mr. Walker has specific good faith questions regarding any of the costs and expenses reflected in Sony Music Entertainment's P&L, further back up for such costs. If we can reach agreement on these precise points, I do not believe we need to alter the Scheduling Order but can instead, with the Court's permission, make specific and limited ad hoc adjustments to it to allow such a deposition to go forward.

### Chris Jones

Mr. Jones was identified at the deposition of Ms. Wilson as being her business manager to whom, to her knowledge, all of her royalties and royalty statements are sent. While Mr. Walker seems to think that a 23 year old artist should know the details of her earnings from a single song among hundreds she has written, in fact, in my experience, most recording artists entrust their financial affairs to business managers or accountants.

---

[1] Mr. Walker's email to me on May 27, 2021 also sought two additional depositions (the former managers of Barroso who managed to obtain 7.5% of his 25% publishing interest in "Focus"). However, that is unmentioned in this letter and I assume therefore he has elected not to pursue those depositions.



**The Walker Building**
**3421 Main Street**
**Atlanta, GA 30337**

**Phone: (770) 847-7363**
**Fax:     (770) 282-1706**

**James L. Walker, Jr., Esq.**                                                                                       **Admitted in Conn., D.C. & GA**

Regardless, Plaintiff has had Ms. Wilson's income information for months. While I know he is disappointed that the song "Focus" has not earned even a small fraction of the inflated amounts he assumed had been earned, he has never come forward with a good faith basis for challenging any of the income and cost information we have provided.

While I have no doubt that Mr. Jones' information regarding Ms. Wilson's income from "Focus" will be no different than the information we have provided to Mr. Walker, we are, nevertheless, willing to discuss with Mr. Walker providing for a deposition of Mr. Jones addressed solely to and narrowly to the income and expenses of Ms. Wilson from "Focus."

### Luke Witherspoon

Just prior to the deposition of Ms. Wilson, on May 26, 2021, I received a letter from Mr. Katz requesting a deposition of a Luke Witherspoon, who was mentioned during Mr. Camper's deposition as a former friend who he believed (accurately) had triggered this lawsuit. While Mr. Katz claimed Witherspoon should have been disclosed as someone with knowledge in Camper's initial disclosures (we disagree because we do not believe he has any actual knowledge), in fact, Sims admitted that he was fully aware of Witherspoon (even identifying him in his responses to our interrogatories and producing, in Sims' rather minimal production, text exchanges Sims himself had with Witherspoon) and despite such knowledge, Mr. Sims too did not identify Witherspoon in his initial disclosures, waiting until his interrogatory responses to identify him.

I responded to Mr. Katz with an email, a copy of which is attached hereto as Exhibit 1. As pointed out in my email, we not believe that Mr. Witherspoon has any personal knowledge of anything relevant to this case. But more importantly, Plaintiff was fully aware of Mr. Witherspoon months before Mr. Camper mentioned him at his deposition. In fact, I understand that Mr. Sims was in contact with Mr. Witherspoon before this case was filed. And, as I reminded Mr. Katz, in Mr. Sims' interrogatory responses, served on February 22, 2021, he specifically identified Mr. Witherspoon.

Thus, Plaintiff could have and should have sought Mr. Witherspoon's deposition long ago. He was aware of his existence, his supposed "knowledge" and he had contact information for him. Accordingly, we see no reason why Plaintiff should be entitled to extend fact discovery to take the deposition of a purported witness he knew about months, perhaps as much as a year, before he belatedly decided he wanted to depose him.

### Jeff Robinson (MBK)

Since the inception of this case, Plaintiff has known of Mr. Robinson and that Ms. Wilson has long been managed by MBK. Further, we produced Ms. Wilson's agreement with MBK and MBK's agreement with RCA (a Sony Music Entertainment label) months ago. So Plaintiff cannot pretend that it was unaware of Mr. Robison or MBK or MBK's relationship to Ms. Wilson prior to the last business day before the expiration of fact discovery. Mr. Walker's sole assertion is that



**The Walker Building**
**3421 Main Street**
**Atlanta, GA 30337**

**Phone: (770) 847-7363**
**Fax:     (770) 282-1706**

**James L. Walker, Jr., Esq.**                                                                                                 Admitted in Conn., D.C. & GA

Ms. Wilson identified MBK as being her manager (her personal manager, not her business manager) at her deposition, which, again, is something that Plaintiff has known for months, if not longer.

Accordingly, we see no reason or basis on which fact discovery should be extended so that Plaintiff can take the deposition of someone he knows of for months and never sought to depose.

**Closing Position**

The parties have stated above their respective opinions per the rule and seek Court guidance to answer the issues raised herein.

Respectfully,

**/s/ James L. Walker, Jr.**

James L. Walker, Jr.

JLW/ads

cc:   Mr. Andre Sims
       Renorda Pryor, Esq.
       Stephen Katz, Esq.
       Mr. Don Zakarin