# EXHIBIT 1
*(Email opposing request to conduct deposition of Luke Witherspoon from Mr. Zakarin, See Attached)*

**From:** Zakarin, Donald S.
**Sent:** Wednesday, May 26, 2021 11:16 AM
**To:** Stephen Katz <smkatz@katz.legal>
**Cc:** James Walker <jjwalker@walkerandassoc.com>; Farkas, Ilene S. <IFarkas@PRYORCASHMAN.com>; Cooperman, Lauren B. <LCooperman@PRYORCASHMAN.com>
**Subject:** Re: Sims v. SONY Music Entertainment

Stephen:

I reply now in brief to your letter. I may do so more fully later. I want you to know that where questions are proper, there is never an objection by me. I even allowed questions that are palpably improper to be answered, despite lodging an objection. I reserve instructions not to answer for questions that are so far removed from proper questioning that one would not have to object because a judge would grant the objection before it was made. Such questions include hypotheticals addressed to a fact witness or questions about what a witness feels about a topic with utterly no foundation for the question and questions that ask a fact witness to opine on law. I will continue to object to such improper questioning and will also properly instruct witnesses not to respond as to such questions. If you think that is improper in a deposition, you are free to bring it to the attention of the Judge. And we will bring to the attention of the Judge the questioning.

As to acrimony, I agree that these zoom depositions are difficult because only one person can speak at a time and the audio can cut out from time to time. But James, who has a willingness to accuse people of all manner of transgressions, including rudeness, seems completely unaware that he constantly cuts other people off, speaks over them, including the witness, and apparently believes that opposing counsel, in the words of Brendan Sullivan, should be a potted plant. I am not willing to be a potted plant for James or anyone else and I do not appreciate being talked over. I try never to talk over anyone else and I expect no less for me. If it persists, I expect that there could again be some discussion about it.

As to the importance of Gabriella as a witness, you and James have your view and I have mine.

Finally, as to Witherspoon, I do not believe he has any personal knowledge and that is why he was not identified as a potential witness with knowledge. More importantly, I understand he was in communication with Sims before this case was brought. Yet I notice that your client too did not identify him in his initial disclosures. Yet if you look at at your interrogatory responses, you identified him as someone who contacted Sims about an alleged infringement. So you knew of him by no later than February 22 and you produced his communications with Sims. Are you seriously suggesting that you somehow could not have deposed him because you supposedly did not know of him before Camper's deposition? Plainly Stephen that is not true.

Sent from my iPhone